[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15500
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00215-CR-F-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTO COLEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 14, 2009)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Santo Coleman appeals his conviction for conspiracy to distribute and

possess with intent to distribute cocaine. 21 U.S.C. §§ 841(a)(1), 846. Coleman argues that the government failed to prove he reached an agreement with his codefendants or that he knew of an agreement to possess or distribute drugs. We affirm.

We review de novo the denial of a judgment of acquittal. United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005). To prove a conspiracy, the government must establish beyond a reasonable doubt that the defendant "knowingly and voluntarily participated" in an agreement between himself and at least one other person to commit a crime. United States v. Arbane, 446 F.3d 1223, 1228 (11th Cir. 2006). The government is not bound to introduce direct evidence, and may instead prove its case through circumstantial evidence, "including inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme[,]'" Garcia, 405 F.3d at 1270 (quoting United States v. Rodriguez, 765 F.2d 1546, 1551 (11th Cir. 1985)), and "acts committed by the defendant which furthered the purpose of the conspiracy." United States v. Vera, 701 F.2d 1349, 1357 (11th Cir. 1983).

The district court did not err by denying Coleman's motion for a judgment of acquittal. The evidence established that Coleman met with different members of the conspiracy, including Ricardo Enriquez and Harry Edwards Jones, in

2

Montgomery, Alabama, on two occasions during which Enriquez and a fourth member of the conspiracy, Alberto Villareal, spent the night at the Holiday Inn hotel on the Eastern Boulevard. After the second meeting between Enriquez and Coleman, Enriquez asked Villareal to transport drugs from San Antonio and "deliver them to Mr. Santo" at the Holiday Inn in Montgomery. After officers apprehended Villareal with cocaine, he made a controlled delivery of the drugs. Federal agents observed Coleman conducting countersurveillance at the Holiday Inn, after which Coleman led Villareal to a second location to complete the delivery. While Villareal was speaking to Coleman and a cohort, agents attempted to make an arrest, and Coleman fled from the scene. Cellular telephone records established that several calls were exchanged between Coleman and Enriquez, Enriquez and Villareal, and Coleman and Villareal, on the evening of the transaction. Ample evidence established Coleman's knowing participation in a conspiracy to distribute cocaine.

Coleman's conviction is **AFFIRMED**.